UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NELSON HERNANDEZ, | |
| Plaintiff, | Civil Action No. **09-2758 (NLH)(KMW)** |
| v. | |
| HAMILTON TOWNSHIP MUNICIPAL COURT JUDGE H. ROBERT SWITZER, et al., | **OPINION** |
| Defendants. | |

**APPEARANCES:**

Nelson Hernandez
1370 South Main Rd.
Suite 1016
Vineland, NJ 08360

    *Pro se*

Robert P. Merenich
Gemmel, Todd, & Merenich, P.A.
767 Shore Rd.
P.O. Box 296
Linwood, NJ 08221

    *Attorney for Defendants Judge H. Robert Switzer, Hamilton Township Municipal Court, and Hamilton Township*

**HILLMAN**, District Judge

    This matter has come before the Court on Defendants' motion to dismiss Plaintiff's Complaint pursuant to Federal Civil Procedure Rule 12(b)(6). Plaintiff has not opposed Defendants' motion. For the reasons expressed below, Defendants' motion will be granted.

**BACKGROUND**

Plaintiff, Nelson Hernandez, *pro se*, filed a complaint against the Honorable H. Robert Switzer, the Hamilton Township Municipal Court, and Hamilton Township.[1]

It appears Plaintiff's claims arise from his appearance in Hamilton Township Municipal Court on February 18, 2009 stemming from a citation for traffic violations.  According to the complaint, Plaintiff was issued a citation for failure to exhibit proof of automobile insurance after being stopped by a Hamilton Township police officer for a traffic violation.  When Plaintiff appeared for the required hearing at the Hamilton Township Municipal Court on February 18, 2009, Plaintiff claims that he was required by Municipal Court Judge H. Robert Switzer to present his proof of insurance.  After Plaintiff produced the document, it appears Judge Switzer waived the fine for Plaintiff's original failure to exhibit proof of insurance, only requiring Plaintiff to pay thirty-three dollars for court costs.  At its heart, Plaintiff's complaint appears to characterize the court costs of thirty three-dollars as a "*de facto* constitutional

---

[1] It is not clear from Plaintiff's complaint whether he has filed his claims against only Judge Switzer or also against the Hamilton Township Municipal Court and Hamilton Township.  The Court will construe the complaint as being lodged against all three.  Estelle v. Gamble, 429 U.S. 97, 107 (1976) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").

violation."[2]

In their motion to dismiss, Defendants argue that Plaintiff's Complaint fails to state a claim upon which relief may be granted because Judge Switzer's conduct is immunized under the doctrine of absolute judicial immunity.  Defendants also argue that Plaintiff's Complaint should be dismissed because the Hamilton Township Municipal Court cannot be properly sued under Section 1983.  Plaintiff did not oppose Defendants' motion.  The Court will address Defendants' arguments, and as noted below, the Court will also address *sua sponte* what the Court has construed to be Plaintiff's claims against the Township for *respondeat superior* liability.

## DISCUSSION

### A. Jurisdiction

Because the Court has construed Plaintiff's complaint as bringing a claim pursuant to 42 U.S.C. § 1983 for alleged violations of his civil rights, this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

---

[2] It is unclear whether Plaintiff is challenging the constitutionality of the vehicle stop as against Judge Switzer and the Municipal Court.  Even if he intends to advance such a claim against these two defendants, it would be dismissed for the same reasons as his other claims against them.  Relatedly, as explained below, the Court construes Plaintiff's complaint as challenging the constitutionality of the vehicle stop as against the Township.  As also explained below, that claim fails as a matter of law.

### B.   Motion to Dismiss Standard

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007)

(quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, --- F.3d ---, 2009 WL 2501662, *5 (3d Cir. Aug. 18, 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). Under the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis.  First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Fowler, --- F.3d ---, 2009 WL 2501662, *5 (citing Iqbal, 129 S. Ct. at 1950).  Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'"  Id. (quoting Iqbal, 129 S. Ct. at 1950).  A complaint must do more than allege the plaintiff's entitlement to relief.  Id.; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a

reasonable expectation that discovery will reveal evidence of' the necessary element").

A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).   If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

6

### C. Whether Plaintiff's Claims Against Defendant Should be Dismissed

In their motion to dismiss, Defendants assert that Plaintiff's claims against Judge Switzer must be dismissed under the doctrine of absolute judicial immunity.  Under the doctrine, a judge is entitled to absolute immunity from civil suits for actions arising from his or her judicial actions.  See Mireless v. Waco, 502 U.S. 9, 9-10 (1991) (explaining that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages," and that "judicial immunity is not overcome by allegations of bad faith or malice"); Pierson v. Ray, 386 U.S. 547, 553-554 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . .").  Judicial immunity is overcome in only two sets of circumstances: when the actions are not taken in the judge's judicial capacity, or when a judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction.  Mireless, 502 U.S. at 11-12.  Further, "for the purposes of judicial immunity, there should not be a distinction between judges of courts of limited and general jurisdiction."  Figueroa v. Blackburn, 208 F.3d 435, 441 (3d Cir. 2000) (explaining that a municipal court judge is a judge of a court of limited jurisdiction, since municipal courts in New Jersey are

7

statutorily created pursuant to N.J.S.A. 2B:12-1, and their limited jurisdiction is set forth at N.J.S.A. 2B:12-17).

Here, Plaintiff's claims against Judge Switzer arise from his judicial actions during Plaintiff's municipal court case. Plaintiff was required to appear in Hamilton Township Municipal Court after receiving a citation for failure to exhibit proof of automobile insurance.  After Plaintiff produced his proof of insurance during the hearing, Judge Switzer simply required Plaintiff to pay the court fees.  Because Judge Switzer acted in his judicial capacity as a municipal court judge in New Jersey, which even as a court of limited jurisdiction is protected by the immunity doctrine,[3] he is immune from suit arising from his judicial actions.  Thus, Plaintiff's claims against Judge Switzer must be dismissed.[4]

Defendants have also moved to dismiss the claims against Hamilton Township Municipal Court under the doctrine of sovereign immunity.  Generally, "the Eleventh Amendment prohibits a federal

---

[3] Kagan v. Caroselli, 153 A.2d 17, 21 (N.J. 1959) ("The Constitution provides 'The judicial power shall be vested in a Supreme Court, a Superior Court, County Courts and inferior courts of limited jurisdiction.' Art. VI, & I, par. 1. The municipal court, as an inferior court of limited jurisdiction, shares in this single power.").

[4] Even if Judge Switzer was not entitled to judicial immunity, Plaintiff's claim against him would fail because Plaintiff has not articulated how the imposition of court costs violates his constitutional rights.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

8

court from hearing a suit by private parties seeking to impose a liability which must be paid from state treasury funds." Beckett v. Vega, 2006 WL 1320043, at 2 (D.N.J. 2006).  As part of the judicial branch of the State of New Jersey, a New Jersey Municipal Court is entitled to sovereign immunity.  Id. ("The Superior Court of New Jersey and its vicinages are part of the judicial branch of the State of New Jersey, and are therefore entitled to Eleventh Amendment immunity.").  Thus, a suit by a private individual against Hamilton Township Municipal Court is barred by the doctrine of sovereign immunity.[5]  Consequently, Plaintiff's claims against the court must be dismissed as well.

Finally, although Plaintiff does not specifically name Hamilton Township as a defendant, and he has not served his complaint on the Township, Plaintiff's complaint can be fairly read to include allegations against the Township.  Specifically, Plaintiff claims that the vehicle stop was "unreasonably prolonged" and not supported by probable cause.  Although he does not name the police officers who stopped him, he does make an allegation regarding vicarious liability and *respondeat superior* with regard to the stop.  Thus, in an abundance of caution in liberally construing a pro se complaint which contains

---

[5]Plaintiff's § 1983 claims against the municipal court are also barred because the court is not a "person" under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989); Laskaris v. Thornburgh, 661 F.2d 23, 25-26 (3d Cir. 1981); Briggs v. Moore, 251 F. App'x 77, 79 (3d Cir. 2007) (finding that the New Jersey Superior Court is not a "person" for § 1983 purposes (citing Will, 491 U.S. at 70-71)).

allegations of constitutional violations, the Court will consider the validity of Plaintiff's claims against the police officers' employer--Hamilton Township.  See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (stating that Third Circuit case law "supports the notion that in civil rights cases district courts must offer amendment--irrespective of whether it is requested--when dismissing a case for failure to state a claim unless doing so would be inequitable or futile").

In order to hold a township liable for constitutional violations resulting from the actions of its police officers, a plaintiff must prove that the township executed a policy or custom that resulted in plaintiff's injury--a municipality cannot be found liable under § 1983 pursuant to the doctrines of *respondeat superior* or vicarious liability.  Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989) (explaining that the municipality must commit its own constitutional tort to be held liable under § 1983).  Plaintiff here has not made any allegations that Hamilton Township had and executed a policy or custom regarding vehicle stops that resulted in a constitutional violation to Plaintiff.  Therefore, even if Plaintiff intended to assert claims for *respondeat superior* against Hamilton Township, such a claim would fail as a matter of law.[6]  As such, allowing

---

[6]Plaintiff's claim against the Township also fails to state a claim under the Twombly/Iqbal standard.  See Ashcroft v. Iqbal,

10

Plaintiff to amend his complaint to cure this, or any of the above-discussed deficiencies, would be futile, and, consequently, his complaint shall be dismissed in its entirety.

## CONCLUSION

For the reasons expressed above, Defendants' motion to dismiss Plaintiff's complaint will be granted.  An appropriate Order will be issued.


Dated: December 4, 2009            s/ Noel L. Hillman
                                   NOEL L. HILLMAN, U.S.D.J.
At Camden, New Jersey

---

129 S. Ct. 1937, 1949 (2009).

11